IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALI ABDULLA, #M18140 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-1393-GCS |
| | ) |
| C/O CAMPBELL, and | ) |
| C/O BRUMLEVE, | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**DUGAN, District Judge:**

This matter is before the Court on direct referral of the Response in Opposition to the referral of this matter to United States Magistrate Judge Gilbert C. Sison. (Doc. 48). The Court interprets this as a Motion to Vacate the Referral pursuant to Federal Rule of Civil Procedure 73(b)(3) and 28 U.S.C. § 636(c)(4). The Motion is **DENIED**.

Pursuant to 28 U.S.C. §636(c)(1), a magistrate judge may "conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case" if given that power by the District Court and upon consent of all parties. The United States District Court for the Southern District of Illinois allows such referrals. Plaintiff consented to magistrate judge jurisdiction. (Doc. 6). Defendants were served and timely entered their own consent. (Doc. 44). Accordingly, the matter was referred to Judge Sison. (Doc. 47).

1

Plaintiff filed this objection to the referral, stating that the undersigned has been a "fair judge" and that he objects to the undersigned's "removal in the strongest terms[.]" (Doc. 48, p. 1).

Section 636 allows a court to vacate the reference of a civil matter "for good cause shown on its own motion, or under extraordinary circumstances shown by any party[.]" 28 U.S.C. 636(c)(4). Federal Rule of Civil Procedure 73(b)(3) uses the same standard.

Here, Plaintiff has failed to show any extraordinary circumstances which merit vacating a reference with full consent. He does not allege that his prior consent was defective in any way. While there is no bright line test, Plaintiff's preference for one judge over another is not an extraordinary circumstance. *See eg. Lorenz v. Valley Forge Ins. Co.*, 815 F.2d 1095, 1097 (7th Cir. 1987) (increase in the punitive damage request from $150,000 to $10,000,000 in punitive damages is not sufficient to merit vacating reference to magistrate judge upon full consent). Nor does the Court see any good cause for vacating the reference on its own initiative. Both the Court and parties to litigation have a vested interest in consents being honored, particularly where the attempt to revoke consent takes place after action has been taken.

Accordingly, Plaintiff's Response in Opposition (Doc. 48) is **DENIED**. This matter remains referred to Judge Gilbert C. Sison for disposition.

**IT IS SO ORDERED.**

**DATED: September 14, 2021**

_____
David W. Dugan
United States District Judge